IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| KERWIN STRONG | ) | |
|---|---|---|
| | ) | |
| v. | ) | No. 3:15-0777 |
| | ) | |
| ITS METRO NASHVILLE | ) | |

To: The Honorable Aleta A. Trauger, District Judge

# REPORT AND RECOMMENDATION

By Order entered July 22, 2015 (Docket Entry No. 3), this civil action was referred to the Magistrate Judge to enter a scheduling order for the management of the case, to dispose or recommend disposition of any pretrial motions under 28 U.S.C. §§ 636(b)(1)(A) and (B), and to conduct further proceedings, if necessary, under Rule 72(b) of the Federal Rules of Civil Procedure and the Local Rules of Court.

Presently pending before the Court is Defendant's motion to dismiss (Docket Entry No. 9) to which Plaintiff has not responded.[1] For the reasons set out below, the Magistrate Judge recommends that the motion be GRANTED and this action be DISMISSED.

## I. BACKGROUND

Kerwin Strong ("Plaintiff") is a former employee of Metropolitan Nashville's Department of Information Technology Services ("ITS Metro" or "Defendant"). On July 16, 2015, Plaintiff filed this lawsuit *pro se* and *in forma pauperis* against ITS alleging employment discrimination based

---

[1] By Order entered May 16, 2016 (Docket Entry No. 11), Plaintiff was advised of the motion and given a deadline of June 17, 2016, to file a response.

upon race and disability and alleging retaliation. *See* Complaint (Docket Entry No. 1) at 3. Although Plaintiff's complaint is specifically brought only under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq.*, given his *pro se* status, the Court also construes the complaint to bring a claim under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq*. Prior to filing his lawsuit, Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") in January 2015, *id.* at 2, and received a right-to-sue letter from the EEOC on April 21, 2015. *Id*. at 5.

In lieu of an answer, ITS Metro has filed the pending motion to dismiss. ITS Metro raises the following arguments: (1) ITS Metro is a department within the Metropolitan Government of Nashville and Davidson County ("Metropolitan Government") and is not a legal entity capable of being sued; (2) Plaintiff failed to properly exhaust his administrative remedies because he did not file his charge of discrimination in a timely manner; and (3) Plaintiff's claims are conclusory and are not supported by well-pleaded factual allegations. *See* Memorandum in Support (Docket Entry No.10).

## II. LEGAL STANDARD

A motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure is reviewed under the standard that the Court must accept as true all of the allegations contained in the complaint, resolve all doubts in Plaintiff's favor, and construe the complaint liberally in favor of a *pro se* Plaintiff. *See Kottmyer v. Maas*, 436 F.3d 684 (6th Cir. 2006); *Boswell v. Mayer*, 169 F.3d 384, 387 (6th Cir. 1999); *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 11-12 (6th Cir. 1987). The complaint must provide the grounds for the entitlement to relief sought and this "requires more

than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) (abrogating *Conley v. Gibson*, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)). *See also Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009).

The factual allegations supplied must be enough to show a plausible right to relief, *Twombly*, 550 U.S. at 555-61, and the complaint must contain either direct or inferential allegations supporting recovery under some viable legal theory. *Id.*; *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436-37 (6th Cir. 1988). The Court need not accept as true legal conclusions or unwarranted factual inferences. *See Gregory v. Shelby Cnty.*, 220 F.3d 433, 446 (6th Cir. 2000), *abrogated in part on other grounds*, *Buckhannon Bd. & Care Home, Inc. v. West Va. Dep't of Health & Human Res.*, 532 U.S. 598, 121 S.Ct. 1835, 149 L.Ed.2d 855 (2001). A complaint does not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557).

### III. ANALYSIS

Defendant's motion to dismiss should be granted. By Local Rule, Plaintiff's failure to respond to the motion indicates that he does not oppose the motion. *See* Local Rule 7.01(b). Furthermore, Defendant raises meritorious grounds for dismissal of the action.

Initially, the Court notes that the named defendant is not a legal entity capable of being sued. Rule 17(b) of the Federal Rules of Civil Procedure provides that the capacity of a governmental entity to sue or be sued in federal court is governed by the law of the state in which the entity was organized. Political subdivisions of a state or local government have legal capacity only if the law

creating them recognizes them as separate legal entities having capacity to sue or be sued. *See Haines v. Metropolitan Gov't of Davidson Cnty.*, 32 F.Supp.2d 991, 994 (M.D. Tenn. 1998). Courts have routinely found that the charter creating the Metropolitan Government provides that only the Metropolitan Government itself can sue or be sued and that internal departments or subdivisions are not legal entities capable of being sued. *See Gant v. Metropolitan Police Dep't,* 2010 WL 3341882, *3 (M.D. Tenn. Aug. 24, 2010) (Trauger, J.); *Johnson v. Metropolitan Gov't of Nashville and Davidson Cnty., Tenn.*, 2008 WL 2066475, *8 n.5 (M.D. Tenn. May 13, 2008) (Trauger, J.); *Haines*, *supra*.

Although Plaintiff was advised by the Court of the need to respond to the motion to dismiss and although Defendant's motion provided him with a clear outline of the specific legal deficiency of his complaint regarding the named defendant, *see* Memorandum in Support at 3, Plaintiff neither responded to the motion to dismiss nor cured the deficiency of his complaint. While the Court recognizes Plaintiff's status as a *pro se* litigant requires that he be afforded a certain measure of leniency, this lenient treatment has limits. *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996). Plaintiff's *pro se* status does not relieve him from basic procedural obligations, *see Fields v. Cnty. of Lapeera*, 2000 WL 1720727, *2 (6th Cir. Nov. 8, 2000), and does not require the Court to act as an advocate for him. *See Thompson v. A.J. Rose Mfg. Co.*, 208 F.3d 215 (6th Cir. 2000); *Bell v. Tennessee*, 2012 WL 996560, *9 (E.D. Tenn. Mar. 22, 2012). Plaintiff failed to bring his action against a proper party and failed to correct the deficiency of his complaint regarding the proper defendant. This reason alone warrants dismissal of the action.

Additionally, even if Plaintiff had named the Metropolitan Government as the defendant, his action would nonetheless be subject to dismissal because he failed to exhaust his administrative

4

remedies in a timely manner. It is well settled that, prior to bringing a federal action under Title VII or the ADA, a plaintiff must file a timely a charge of employment discrimination with the EEOC. *Parry v. Mohawk Motors of Mich.*, 236 F.3d 299, 308 (6th Cir. 2000), *cert. denied*, 533 U.S. 951, 121 S.Ct. 2594, 150 L.Ed.2d 752 (2001); *Puckett v. Tennessee Eastman Co.*, 889 F.2d 1481, 1486 (6th Cir. 1989). This requires a plaintiff to file a charge with the EEOC within 180 days after the occurrence of the alleged discriminatory employment practice, or within 300 days if the claimant has "initially instituted proceedings with a State or local agency with authority to grant or seek relief from such practice." 42 U.S.C. § 2000e-5(e)(1).

Plaintiff alleges in his complaint that Defendant discriminated against him on or about May 6, 2012. *See* Complaint at 2. However, he did not file his EEOC charge until January 2015, *id.*, approximately two and a half years after the alleged discrimination took place and well beyond the 300-day period. The face of Plaintiff's complaint shows that his charge of discrimination was not timely filed. A plaintiff's failure to timely exhaust administrative remedies is an appropriate basis for the dismissal of a Title VII or ADA action. *Williams v. Northwest Airlines, Inc.*, 53 Fed.App'x 350, 351 (6th Cir. 2002). Despite Defendant raising this issue in its motion, Plaintiff has not presented any basis justifying the tolling of the administrative statute of limitations or otherwise showing that he timely pursued his administrative remedies. Furthermore, the Sixth Circuit has held that a plaintiff's *pro se* status when filing an EEOC charge is not cause to toll the statute of limitations. *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 561 (6th Cir. 2000) ("This circuit has remarked that it is well-settled that ignorance of the law alone is not sufficient to warrant equitable tolling.").

Because the Court finds that the two noted grounds provide a sufficient basis to grant the motion to dismiss, the Court does not address Defendant's alternative argument that the factual allegations of Plaintiff's complaint do not satisfy minimal pleading standards and do not state claims for relief.

## RECOMMENDATION

For the reasons set out above, the Court respectfully RECOMMENDS that the Defendant's motion to dismiss (Docket Entry No. 9) be GRANTED and this action BE DISMISSED.

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of service of this Report and Recommendation and must state with particularity the specific portions of this Report and Recommendation to which objection is made. Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

Respectfully submitted,

BARBARA D. HOLMES
United States Magistrate Judge